UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-35-H

CORNELIA LIGHT & RICK LIGHT                                        PLAINTIFFS

v.

GUIDANT CORPORATION, et al.                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Cornelia and Rick Light, husband and wife, sued multiple defendants for injuries arising out of an alleged allergic reaction to two stents placed in Cornelia Light's arteries during a cardiac catherization surgery.  Prior to the filing of any responsive pleading, Plaintiffs filed an amended complaint, which added Baptist Healthcare System, Inc. d/b/a Baptist Hospital East ("BHE") as a defendant.  Defendant Abbott Vascular Inc. ("Abbot Vascular") has moved to strike the amended complaint because Plaintiffs failed to obtain leave of the court prior to amending and adding BHE constitutes fraudulent joinder.

The pending motions present some unusual procedural issues.  The Court has carefully considered the motion and discussed some of the issues with counsel.  For the reasons that follow, the Court concludes that the Federal Civil Rule 21, which allows joinder only upon order of the Court, dictates the result here.  Consequently, the Court will require Plaintiffs to move for leave to add another defendant by an amended complaint.  The Court will resolve other relevant issues as future motions require.

I.

On January 24, 2006, Cornelia Light underwent cardiac catherization surgery.  During the procedure, Light's treating physicians discovered that her right artery was seventy percent blocked and received permission from her husband to implant stents.  Stents are wire mesh tubes inserted through a catheter and placed in an artery as a scaffold to hold it open.  According to Plaintiffs, Cornelia Light is allergic to nickel, and the two stents placed in her body were approximately ten percent nickel.  On February 21, 2006, Plaintiff underwent a second surgery to remove the stents.

On January 23, 2007, Plaintiffs filed a complaint in federal court asserting claims for products liability, fraud, negligence, and violation of the Kentucky Consumer Protection Act, against Guidant Corporation, Guidant Sales Corporation, Guidant Endovascular Solutions, Inc., Abbott Corporation, Abbott Vascular, Inc., Boston Scientific Sales, Inc., Boston Scientific Corporation, and five unknown defendants for injuries stemming from the nickel stents. Plaintiffs are both residents of Kentucky, and this Court's subject matter jurisdiction was based on diversity of citizenship.

On February 8, 2007, and prior to the filing of any responsive pleadings, Plaintiffs filed an Amended Complaint that added BHE as a defendant.  Plaintiffs did not seek leave to file the Amended Complaint, which, on its face, does not appear to state a proper basis of subject matter jurisdiction.  Plaintiffs are Kentucky residents, and BHE is a Kentucky corporation.  Defendant Abbott Vascular then initiated the current briefings by moving to strike the Amended Complaint.

II.

Plaintiffs' Amended Complaint attempts to add BHE, which was not a party in the

original complaint.  For a plaintiff to add a party prior to a responsive pleading reveals a conflict within the Federal Rules of Civil Procedure with which federal courts have struggled.  *See* 61A Am. Jur. 2d *Pleading* § 757 (2007).  On the one hand, the Federal Rules permit a party to amend a complaint once as a matter of course at any time before a responsive pleading has been served. Fed. R. Civ. P. 15.  On the other hand, joinder of a party requires an order of the Court.  Fed. R. Civ. P. 21.

The Sixth Circuit has not considered this apparent conflict.  However, two district courts within the Circuit have held that "an amendment to a complaint which adds or drops a party requires an order of the Court . . . regardless of whether it precedes or follows the first responsive pleading of any defendant."  *Int'l Bhd. of Teamsters v. Am. Fed'n of Labor*, 32 F.R.D. 441, 442 (E.D. Mich. 1963); *and see Keller v. University of Michigan*, 411 F.Supp. 1055, 1057 (E.D. Mich. 1974).  This view comports with a plurality of the circuits, namely the Second, Fourth, Seventh, and Tenth.  The Third and Fifth Circuits favor the opposite rule.  *See* 61A Am. Jur. 2d *Pleading* § 757 (2007).  Because the plurality view reflects a reasonable reading of the Federal Rules, this Court is inclined to follow it.  Rule 21, which governs the addition of parties, is more specific than Rule 15, which governs complaint amendments generally.  This Court agrees that the ambiguity between the two should be interpreted in favor of the more specific Rule 21.  *Int'l Bhd. of Teamsters*, 32 F.R.D. at 442.

Typically, the Court might consider foregoing such a procedural formality and issue an order granting leave to amend the complaint in the interest of justice and efficiency.  To do so now and short circuit the required motion practice, however, may not serve those interests.  For instance, allowing Plaintiffs to amend the complaint and add BHE as a party appears to destroy

3

the Court's subject matter jurisdiction.[1]  Plaintiffs' original complaint explicitly states that jurisdiction rests on diversity of citizenship; however, the Amended Complaint gives no statement of the grounds for jurisdiction.  Since there is no federal claim against any of the parties, they must satisfy the complete diversity requirements of 28 U.S.C.A. § 1332.  "Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state."  *Curry v. U.S. Bulk Transport, Inc.*,  462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)).  Plaintiffs have the burden of proving citizenship for purposes of jurisdiction.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).   Adding BHE as a party in the Amended Complaint would destroy complete diversity and divest this Court of subject matter jurisdiction.[2]

Abbot Vascular also argues that to permit the Amended Complaint adding BHE constitutes fraudulent joinder.  The doctrine of fraudulent joinder is applicable in three situations: "(1) when there is no colorable basis for a claim against a non-diverse defendant, (2) when the plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendants)."  *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp.2d 546, 548 (E.D. Ky. 2001)

---

[1] From the pleadings, it appears that Plaintiffs are domiciled in Kentucky and BHE is a Kentucky corporation.

[2] This is not to say that the Court would not consider joining BHE upon the proper motion.  However, if Plaintiffs cannot show that the Court has jurisdiction over claims against BHE, the Court will not permit such joinder.  No argument has been made as to whether BHE is a necessary or indispensable party under Rule 19.  *See* Fed. R. Civ. P. 19.

(citing *Jerome Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999)).  Abbott Vascular argues that because the one-year statute of limitations bars all claims against BHE there is no colorable basis for the claim.

Abbott Vascular's argument appears to be a novel use of the doctrine of fraudulent joinder.  Typically, defendants cite the doctrine to prevent plaintiffs from destroying federal jurisdiction by joining a non-diverse party after removal.  Here, the action was originally brought by Plaintiffs in federal court, and they could just as easily have filed in state court.  Abbott Vascular theorizes that Plaintiffs may be attempting to destroy federal jurisdiction, presumably to obtain favorable application of Kentucky's "saving" statute, Ky. Rev. Stat. § 413.270, which allows a party to file a new action in the proper state court within ninety days after the dismissal by another court for lack of jurisdiction.  Thus, although this Court does not have the ability to remand to state court since the action did not begin there, a dismissal of the entire action for lack of jurisdiction might allow Plaintiffs to re-file in state court using their federal date of filing for statute of limitations purposes.

Plaintiffs' strategic reasons for amending the complaint to add BHE are not the Court's particular concern, however.  The Court's Rule 21 analysis bars such an amendment without leave of the Court.  Adding BHE destroys the Court's diversity subject matter jurisdiction.  Moreover, it is not clear that any claims against BHE are viable due to statute of limitations considerations.  The Court concludes that all of these considerations are more properly addressed were Plaintiffs to seek leave of the Court to file their amended complaint, as Rule 21 requires.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record